UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14059-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

JEFFREY MOBLEY,

     Defendant.

_____/

**REQUEST FOR DOWNWARD VARIANCE**

COMES NOW the defendant, Jeffrey Mobley by and through his undersigned counsel, hereby requests a downward variance below the guideline range as calculated in the presentence investigation report (PSI).

Mr. Mobley was charged by indictment for six counts: production of visual depictions of sexual exploitations of minors, pursuant to 18 U.S.C. § 2251(a), (e) (Counts 1-4) and distribution of visual depictions of sexual exploitation of minors, pursuant to 18 U.S.C. § 2252(a)(2), (b)(1) (Counts 5-6) (DE9).  He entered a plea of guilty to all six counts before Magistrate Judge Lynch on March 10, 2016.  (DE29). The Probation Department calculated Mr. Mobley's advisory guideline range at life imprisonment.  (PSI ¶ 130).

In the Sentencing Reform Act of 1984, Congress gave specific direction to the sentencing judges, as well as the Sentencing Commission. This central directive instructs district courts to impose a sentence sufficient, but not greater than

necessary, to accomplish the goals of sentencing. *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). In *United States v. Booker*, the Supreme Court excised portions of the SRA that had previously limited the courts' ability to sentence outside the guideline range except in extraordinary circumstances, and reiterated that 18 U.S.C. § 3553(a) provides the remaining criteria for determining the sentence. 543 U.S. 220, 259 (2005).

There is no presumption that the guideline range is the reasonable and appropriate sentence.  Under the terms of the statute, judges must consider the guidelines, but there can be no thumb on the scales for the guidelines. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 602 (2007); *Kimbrough*, 128 S.Ct. at 564, 570. The sentencing judge may "hear arguments by prosecution and defense that the Guidelines should not apply [.]" *Rita*, 127 S.Ct. at 2465. Those arguments may be that the case falls outside the "heartland" and thus warrants a departure or that the guideline range "fails properly to reflect § 3553(a) considerations," or simply that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 127 S.Ct.2456, 2465 (2007) (emphasis added). The sentencing judge may not apply "a legal presumption that the Guidelines sentence should apply," *id*., and "may not presume . . . that the Guideline range is reasonable," *Gall*. 128 S.Ct. at 596-97.

To clear up any lingering doubt, the Supreme Court in *Nelson v. United States*, 555 U.S. 350, 129 S.C. 890 (2009), stated:

> Our cases do not allow a sentencing court to presume that a sentence within the applicable Guideline range is

> reasonable. In Rita we said as much, in fairly explicit terms: 'We repeat the... [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply . . . ' and in Gall we reiterated that the district judges in considering how the various statutory sentencing factors apply to an individual defendant 'may not presume that the Guidelines range is reasonable' . . . The Guidelines are not only not mandatory on the sentencing court; they are also not to be presumed reasonable."

(Emphasis Added).

This Court must fashion a reasonable sentence keeping the following statutory goals in mind: (a) the sentence must take into consideration in nature and circumstances of the offense and the history and characteristics of the defendant; (b) the sentence must reflect the seriousness of the offense; promote respect for the law; and provide just punishment; (c) the sentence must afford both general and specific deterrence; (d) the sentence must provide the defendant with needed correctional treatment in the most effective manner; and (e) the Court must consider the kinds of sentences available in the sentencing range of the type of offense committed by the defendant.

Looking first at the nature and circumstances of the offense, Mr. Mobley had sexual intercourse with a 15 year old girl, hereinafter referred to as L.U. In addition, there were videos of sexual explicit activity between Defendant and L.U. and there were numerous exchanges of nude pictures between them. Based upon the investigation, law enforcement obtained arrest warrant and arrested Mr. Mobley on October 5, 2015. The period of the six counts charged in the Indictment

include February 2015 to September 2015.  Mr. Mobley has entered a guilty plea and expressed remorse for his behavior.

The **history and characteristics of the defendant** shows that Jeffrey Mobley is 24 years old.  He is married with no children.  Mr. Mobley has a good relationship with his family members and continues to receive the love and support from them.  He was raised by both of his parents until they divorced when he was 6 years old.  (PSI ¶ 107).  After, for about 5 years, Mr. Mobley was living with his mother and step-father who was physically abusive.  Thereafter, Mr. Mobley lived with his father for about 3 years.  (PSI ¶ 107).  Mr. Mobley graduated high school and college with a Bachelor's degree.  (PSI ¶¶ 115).

Mr. Mobley has been a victim of sexual abuse beginning around the age of 5 years old up to age of 17 years old.  (PSI ¶ 108-109).  Regarding Mr. Mobley's mental history, a confidential forensic psychological evaluation was completed by Dr. Jacquelyn Olander.  (Evaluation will be provided separately).  The relevant historical information shows he observed and was a victim of domestic violence and sexual abuse.  (Dr. Olander's Report).  During the examination, Mr. Mobley participated in various psychological testing were determined to be valid and suggest that there was no evidence that Mr. Mobley was motivated to portray himself in a more negative pathological light.  In addition, Mr. Mobley put positive effort to complete the tests.  (Dr. Olander's Report, Pages 4-7).  The evaluation revealed that he is diagnosed with Bipolar disorder with Episode Manic.  (Dr. Olander's Report, Page 8).  In conclusion, Dr. Olander believes that Mr. Mobley

would benefit from a psychiatric consultation regarding the use of medication to treat Bipolar disorder.  In addition, he would benefit from sex specific treatment to address his maladaptive behaviors and focus on cognitive restructuring.  (Dr. Olander's Report, Page 9). .

Any sentence this Court imposes must reflect the seriousness of the offense; promote respect for the law; provide just punishment and afford both specific and general deterrence.  Mr. Mobley's advisory guideline range is life imprisonment. There is a mandatory minimum penalty of fifteen (15) years, and a statutory maximum penalty of life imprisonment. By setting these minimum and maximum penalties, Congress has determined that there will be cases where the offense conduct is so serious as to warrant a life imprisonment sentence. Conversely, Congress concluded that there will be cases that while serious, warrant a sentence as low as fifteen (15) years in prison.

Each case is unique and stands alone.  Mr. Mobley has completed high school and college.  He has had no contact with the criminal justice system which leads him to criminal history category I. Unfortunately, for reasons which will probably never fully be understood, he started a sexual relationship with a teenage girl, videotaped it, and exchanged nude photos.  He did not belong to an Internet group which promotes the victimization of children.  He did not send any of the pictures to videos to anyone except L.U. and himself.  Yet, his advisory guideline range is extremely high.  However, he has no criminal history, his admission of guilt, and his cooperation with law enforcement strongly support the proposition that with the

proper help he should be able to return to society and live a productive and law abiding life.

Given the parsimony clause of § 3553(a), the goals of general and specific deterrence can be achieved by a term of imprisonment shorter than called for by the guidelines. Such a harsh sentence should be saved for only the worst offenders.

Finally, in looking to answer the question of what the just punishment is in this case § 3553(a) instructs this Court to look at the kind of sentences available, the sentencing range available for the type of sentence committed, and the need to provide the defendant with correctional treatment in the most effective manner. As has been previously discussed, this Court's range of options is limited only by the fifteen (15) year mandatory minimum and the life imprisonment ceiling set by Congress. As to the sentencing guideline range available, it is clear that the particular guideline, § 2G1.3 does not reflect reasoned and sound judgment, and should not be considered a reasonable and appropriate sentencing option in this case.

As noted above, district courts have imposed sentences far below the guidelines range for offenses involving similar type of conduct. For example, in the case of *United States v. Joseph Kohler*, Case No. 10-14077-Cr-Martinez, defendant pled guilty to using the internet to entice a minor to engage in sexual activity and distribution of child pornography. The advisory guideline range was life. This Court Martinez granted a downward variance and imposed a sentence of twenty years. In *United States v. Joshua Bagala*, Case No.13-14030-GRAHAM, even though

Defendant was only charged with receipt and transportation of child pornography, the relevant conduct involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct.  Also, similarly, the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  The guideline range was 480 months and Judge Graham imposed a sentence of 120 months.

By setting these minimum and maximum penalties for violations of 18 U.S.C. § 2422(b), Congress has determined that there will be cases that while serious, the offense conduct will warrant a sentence as low as fifteen (15) years in prison. However, given the almost universal and automatic application of enhancements under U.S.S.G. §2G2.1, it is virtually impossible to have a sentencing guideline range under fifteen years.   In particular, Mr. Mobley received excessive enhancements: two levels because L.U. was a minor; two levels because the offense involved the commission of a sexual act; two levels because the offense involved distribution; two levels because L.U. was in the care of Defendant; two levels for the use of a computer; and five levels because the counts did not group even though the counts involved the same victim, and five levels for pattern of activity.  The total increase of 20 levels in addition to the starting base offense level of 32 causes a range increase of life imprisonment (adjusted level of 43 including 3 level decrease for acceptance and offense level is treated as level 43 when offense level is calculated in excess of 43).

Accordingly, there have been many instances where federal courts have imposed sentences significantly lower than the advisory guideline range and a sentence below the advisory guideline range is warranted here.

WHEREFORE, the defendant requests that the Court impose a downward variance from the sentencing guideline range.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

*s/ Panayotta Augustin-Birch*
Panayotta Augustin-Birch
Assistant Federal Public Defender
Florida Bar No. 359970
109 North Second Street
Fort Pierce, Florida 34950
Tel: 772-489-2123
Fax: 772-489-3997
E-Mail: panayotta_augustin-birch@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 5, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    *s/ Panayotta Augustin-Birch*
        Panayotta Augustin-Birch

<u>**SERVICE LIST**</u>

**UNITED STATES OF AMERICA v. JEFFERY MOBLEY**
**15-14059-CR-MARTINEZ/LYNCH**
**United States District Court, Southern District of Florida**


**Panayotta Augustin-Birch**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Email: panayotta_augustin-birch@fd.org
Notices of Electronic Filing


**Carmen M. Lineberger**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel:  772-293-0944
Fax: 772-466-1020
Email: carmen.lineberger@usdoj.gov
Notice of Electronic Filing


**Nicole Garcia**
**United States Probation Officer**
United States Probation Office
Flagler Center Building
501 South Flagler Drive, Suite 400
West Palm Beach, Florida 33401
Tel: 561-804-6883
Method of Service: Email